JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Demetrius Copeland, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of six counts of aggravated robbery and one count each of carrying a concealed weapon and having a weapon under disability. He was convicted of the offenses after a jury trial.
At trial, the state presented evidence that Copeland and a group of other young men had robbed six victims in a grocery store parking lot. All the victims except Washawn Ricks testified at trial. The victims indicated that a number of the robbers had possessed firearms and that they had brandished the guns while going through the victims' pockets to steal their money. The victims testified that, when the police arrived, a number of the robbers fled in a blue-green Pontiac Grand Prix.
A police officer testified that, approximately two weeks after the robberies, he spotted a blue-green Grand Prix with Copeland in the driver's seat. When Copeland got out of the car, the officer ordered him to raise his hands. Copeland hesitated but ultimately complied. The officer then found a loaded firearm next to where Copeland was standing. The state and Copeland stipulated that he was under a legal disability.
The defense rested without presenting evidence. The jury found Copeland guilty of the offenses, and the trial court sentenced him to multiple prison terms.
In his first assignment of error, Copeland now argues that he was denied the effective assistance of trial counsel. To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and that prejudice arose from counsel's performance.[1]
Copeland first argues that counsel was deficient in failing to file a motion to sever his offenses from those of his co-defendant, Dante Hobbs. We find no merit in this argument. Each of the victims who testified was able to positively identify Copeland as a participant in the robberies, and there was no indication that the jury found Copeland guilty by association or that Copeland was otherwise prejudiced by the joint trial.
Copeland also argues that counsel was deficient in failing to renew a Crim.R. 29 motion at the close of all the evidence. As we more fully discuss under the second assignment of error, the state presented ample evidence that Copeland had committed the offenses. Therefore, any failure on the part of counsel to renew the Crim.R. 29 motion was harmless. The first assignment of error is overruled.
In his second assignment of error, Copeland argues that the convictions were based upon insufficient evidence and were against the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
The aggravated-robbery statute, R.C. 2911.01(A)(1), provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." R.C. 2923.12(A)(2), governing carrying concealed weapons, provides that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * [a] handgun * * *. R.C. 2923.13(A)(2), governing weapons under disability, provides that "no person shall knowingly * * * carry * * * any firearm or dangerous ordnance, if * * * [t]he person * * * has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence."
In the case at bar, the convictions were in accordance with the evidence. The testimony of the victims indicated that Copeland had participated in the act of holding them at gunpoint and taking, or attempting to take, their property. Although there were inconsistencies in the victims' testimony, including a question as to which of the perpetrators had possessed firearms, each of the victims who testified was able to identify Copeland as one of the robbers, and the officer's testimony concerning Copeland's possession of the blue-green Grand Prix further supported the state's case. And while Washawn Ricks did not testify at trial, the testimony of the other victims indicated that Ricks had been forced, at gunpoint, to surrender his property. Thus, we cannot say that the jury lost its way in convicting Copeland of the aggravated robberies. Moreover, the police officer's testimony concerning Copeland's possession of the loaded firearm when he got out of the Grand Prix amply supported the convictions under R.C. 2923.12(A)(2) and2923.13(A)(2).
Copeland also argues that he could not have also been convicted of the six counts of robbery that were included in the indictment. But because the trial court merged the robbery counts with the aggravated-robbery counts, we find no merit in Copeland's argument. The second assignment of error is accordingly overruled.
In his third and final assignment of error, Copeland argues that the trial court erred in imposing sentence. He first argues that the court erred in imposing more than the minimum terms of incarceration for aggravated robbery. The trial court found, under R.C. 2929.14(B)(2), that Copeland had served a prior prison term, and the court's imposition of more than the minimum sentence was therefore proper.
Copeland next argues that the court erred in ordering the prison terms for aggravated robbery to be served consecutively. To impose consecutive prison terms, the trial court must find that consecutive terms are necessary to protect the public or punish the offender and that consecutive terms are not disproportionate to the offender's conduct or the danger the offender poses to the public, and the court must also find one of the factors set forth in R.C. 2929.14(E)(4). The court must also state its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c). Here, the trial court made the required findings, concluding under R.C. 2919.14(E)(4) that Copeland's criminal history warranted consecutive sentences. In stating its reasons, the court noted that Copeland had a prior conviction and numerous juvenile-delinquency adjudications on his record. We find no error in the imposition of consecutive sentences.
Copeland also argues that the trial court erred in imposing the maximum prison terms for carrying a concealed weapon and for possessing a weapon under disability. The court properly imposed prison sentences for the offenses, finding under R.C. 2929.13(B) that Copeland had served a prior prison term. But we agree that the court failed to make the requisite findings under R.C.2929.14(C) for imposing the maximum prison terms. Accordingly, pursuant to R.C. 2953.08(G)(2), we hereby reduce the sentence for carrying a concealed weapon to seventeen months' incarceration and the sentence for possessing a weapon under disability to eleven months' incarceration. In all other respects, the third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed as modified.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Sundermann, JJ.
[1] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraphs two and three of the syllabus.
[2] State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[3] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.